# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

RONALD R. PONCE and                    Case No. 06-11319-RGM
ELIANA E. ANTELO MONRROY,              (Chapter 7)

      Debtors.

## MEMORANDUM OPINION

THIS CASE is before the court on the motion of Mortgage Lenders Network, USA, for relief from the automatic stay to sell certain real property at foreclosure. The debtors and the trustee consented to the relief and the lender submitted a draft consent order. The draft consent order, after authorizing the secured lender to sell the property at foreclosure, directs that all "excess proceeds [from the foreclosure sale] be paid to the Chapter 7 Trustee". While no reason is given for including this provision in the consent order, it may be an attempt to assure the chapter 7 trustee that any surplus from the foreclosure sale – and a surplus is extraordinary – benefits the bankruptcy estate; or, it may be an attempt to resolve potentially conflicting demands on the trustee under the deed of trust for payment of a surplus. While these are salutatory objectives this provision does not achieve them. The chapter 7 trustee is only entitled to the surplus if it is property of the estate when distributed to him and the trustee under the deed of trust may not delegate to the chapter 7 trustee his fiduciary duty to properly account for and distribute the proceeds of his foreclosure sale.

The provision assumes that a future surplus from the foreclosure sale will be property of the estate to be administered by the chapter 7 trustee. The surplus follows the property itself. While the property is presently property of the estate because the debtors owned it at the commencement

of the case and it has not been exempted, abandoned or sold, it will not always be property of the estate. 11 U.S.C. §541(a)(1). The trustee's objective is to convert all property of the estate to cash for distribution to creditors, or where this is not possible, abandon it. 11 U.S.C. §704(a). When all property has been fully administered, the case is closed. 11 U.S.C. §350.

Property of the estate ceases to be property of the estate if claimed exempt by the debtor and no timely objection is filed or a timely objection is overruled. 11 U.S.C. §522(l); Fed.R.Bankr.P. 4003(b). It ceases to be property of the estate if abandoned by the trustee. 11 U.S.C. §554(a); Fed.R.Bankr.P. 6007(a). It is abandoned after notice and hearing or, if properly scheduled and not otherwise administered, when the case is closed. 11 U.S.C. §554(c). In may also be abandoned orally at the first meeting of creditors if it is burdensome or is of inconsequential value to the estate. LBR 6007-1(A). It ceases to be property of the estate if sold by the trustee. 11 U.S.C. §363. After property is exempted or abandoned, it is property of the debtor. After it is sold, it is property of the purchaser. Until it is exempted, abandoned or sold, it is property of the estate.

It matters whether property is property of the estate, the debtor or a third-party purchaser. Ownership determines the party responsible for post-petition liabilities arising from the property. For real property, there may be post-petition real estate taxes, homeowner or condominium association fees, utilities and insurance premiums. There may be liability for maintenance and repairs. There may be liability for injuries. If the property is property of the estate, the expenses may be administrative expenses; otherwise, they are the responsibility of the debtor.

The liability for income taxes on the sale of the property, including a foreclosure sale, also is determined by the property's ownership. If the property is property of the estate at the time of the

foreclosure sale, the estate is liable for the income tax arising from the sale. If the foreclosure sale is held after the property is no longer property of the estate, the debtor is liable for the income taxes.

Just as responsibility for liabilities flows from ownership, the right to benefits also flows from ownership. For example, the benefit of the automatic stay depends on whether the property is property of the estate or property of the debtor. Bankruptcy Code §§362(a)(2), (3) and (4) prohibit actions against property of the estate, not property of the debtor. Bankruptcy Code §362(a)(5) prohibits actions against property of the debtor, not property of the estate. The automatic stay terminates as to property of the estate and property of the debtor at different times. Sections 362(a)(2), (3) and (4) terminate when the property is no longer property of the estate. 11 U.S.C. §362(c)(1). Section 362(a)(5) terminates when the case is closed or dismissed or a discharge is granted or denied. 11 U.S.C. §362(c)(2).

Rents and profits follow ownership of the property. If the property is property of the estate, rents and profits are property of the estate. 11 U.S.C. §541(a)(6). Otherwise, they are property of the debtor or the third-party purchaser. The surplus from a foreclosure sale – the equity in the property – is property of the estate if the property is property of the estate when it is sold at foreclosure. Otherwise, the surplus is property of the owner at that time, typically the debtor.

The inclusion in the consent order of the requirement that the trustee under the deed of trust pay any surplus to the chapter 7 trustee ignores the question of whether the property – and therefore the surplus – is property of the estate when the property is sold at a future foreclosure sale, and more precisely, when the trustee under the deed of trust distributes the surplus. The chapter 7 trustee may not separate the benefits from the liabilities. He may not abandon the liabilities of the property but retain the potential benefit of a future surplus. He either administers the property with all of its

benefits and all of its burdens or he abandons it. Whether a surplus should be paid to the chapter 7 trustee depends on whether the property is property of the estate at that time. The provision does nothing to alter when the property ceases to be property of the estate.

The trustee under the deed of trust may intend the provision in the draft consent order to give him a safe harbor for disbursement of surplus funds by requiring payment to the chapter 7 trustee. Merely paying a surplus to the chapter 7 trustee does not convert what may be property of the debtor into property of the estate. Nor does it make the chapter 7 trustee the proper party to receive the surplus. Even if the chapter 7 trustee is the proper party to receive a surplus today, future events – particularly if the trustee abandons the property – may change this. The trustee under the deed of trust has an independent fiduciary duty to properly disburse the proceeds from the foreclosure sale, including any surplus. If he is in doubt as to the proper disposition of the proceeds – and future events may affect the outcome of this determination – he may file an interpleader suit. He cannot shift the responsibility to properly disburse the proceeds of the foreclosure sale to the chapter 7 trustee.

The proposed provision to pay any surplus from a future foreclosure sale to the chapter 7 trustee will be stricken from the draft consent order. The provision cannot alter whether the surplus is property of the estate or property of the debtor at the time it is disbursed and the court cannot today determine who is the proper party to receive a hypothetical surplus tomorrow.

    Alexandria, Virginia
    December 5, 2006.

                        /s/ Robert G. Mayer
                        Robert G. Mayer
                        United States Bankruptcy Judge

Copies electronically to:

Edward Gonzalez
Trenita Jackson-Stewart
Gordon Peyton

13295